IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANDA BOYCE,

   *Plaintiff*,

   v.

CITY OF BALTIMORE, *et al.*,

   *Defendants*.

Civil Action No. ELH-17-3472

**MEMORANDUM OPINION**

This civil rights litigation arises from a traffic stop and arrest of plaintiff Amanda Boyce on December 7, 2013. *See* ECF 5 ("Amended Complaint"). On November 22, 2017, Boyce filed suit against Baltimore City Police Officer Steven Dorn, "John Doe Officers 1-5", and "John Doe Supervisors 1-10",[1] in their individual and official capacities. *Id.* Boyce alleges violations of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1988. *Id.*

Count I is not at issue.[2] In Count II, plaintiff alleges "supervisory violations" of the Fourth and Fourteenth Amendments by the unnamed supervisors. *Id.* Count III is lodged against the "Individual Defendant Officers." There, Boyce alleges unlawful arrest, in violation of the Fourth and Fourteenth Amendments. *Id.* Count IV, which is lodged against the Individual Defendant Officers, asserts use of excessive force. Count V, against the Individual Officers, asserts "failure to intervene." *Id.* In Count VI, plaintiff asserts a claim of conspiracy against all defendants. Finally, Count VII, lodged against all defendants, alleges "abuse of process." *Id.*

---

[1] Plaintiff refers both to "John Doe Supervisors 1-10" (*see* ECF 5 at 1) and the "John Doe Supervisors 1-5." *Id.* ¶ 9.

[2] Plaintiff initially sued the City of Baltimore in Count I. *See* ECF 1; ECF 5. However, by Order of February 12, 2018 (ECF 14), I approved the parties' Joint Stipulation dismissing the suit as to the City of Baltimore.

Defendant Dorn, the only named defendant, has moved to dismiss the Amended Complaint (ECF 6), supported by a memorandum of law (ECF 6-1) (collectively, the "Motion"). He argues that plaintiff's suit is barred by the applicable statute of limitations. Boyce opposes the Motion (ECF 7), with a supporting memorandum of law. *See* ECF 7-1 (collectively, the "Opposition"). Dorn has replied. *See* ECF 10 ("Reply").[3]

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.  Factual Background[4]

According to plaintiff, Dorn "was employed by the City of Baltimore as a safety officer." ECF 5, ¶ 7. The "John Doe Supervisors" are "the individuals tasked with supervising" Dorn, and include the "Chief of Police and [other] related supervisors." *Id.* Plaintiff fails to describe the "John Doe Officers" (*see, e.g.*, *id.* at 2-4), but it would appear that they are Dorn's fellow officers.

On December 7, 2013, Boyce, "a white woman", was "driving her vehicle through a predominantly African-American neighborhood" when "Dorn stopped her for no legal reason." *Id.* ¶ 11. Plaintiff avers that she was "obeying all traffic laws" and that she was "given no reason for the vehicle stop." *Id.* ¶¶ 12-13. Yet, according to plaintiff, Dorn told plaintiff that her "driver's license was suspended and that she had a warrant for her arrest for an alleged 'failure to comply.'" *Id.* ¶ 15.

---

[3] The Motion is not a model of clarity. For example, although the Motion states, ECF 6 at 1: "Defendants request this Court grant their Motion to Dismiss", the Motion was filed only on behalf of "Defendant, Officer Steven Dorn[.]" *Id.* Yet, as to the "'John Doe police officers and supervisor", the Motion asks for "dismissal of claims against them . . . ." ECF 6-1 at 1 n.1. I shall construe the Motion on behalf of all defendants.

[4] As explained, *infra*, given the posture of the Motion, I must assume the truth of plaintiff's allegations.

At some point during the traffic stop, Dorn handcuffed plaintiff. *Id.* ¶ 17. According to Boyce, the handcuffs were "secured . . . much too tightly." *Id.* ¶ 18. And, when Boyce asked Dorn to loosen the handcuffs, Dorn refused to do so. ECF 5, ¶ 19.

Additionally, Boyce contends that Dorn caused her "excruciating pain by . . . twisting [her] arm behind her back in a manner and direction it could not naturally be moved." *Id.* ¶ 17. Plaintiff also avers that Dorn told her that "if she resisted . . . she would be 'eating concrete.'" *Id.* ¶ 20. Boyce insists that "at no time" did she resist Dorn or display "any threatening behavior" to Dorn or "the individually named Defendant Officers." *Id.* ¶¶ 25, 29. Further, Boyce contends that she "did not have any . . . weapon, or display an object that appeared to be a weapon." *Id.* ¶ 28. And, she avers that she did not pose a "risk of flight." *Id.* ¶ 31.

On December 7, 2013, Boyce was transported to the "Police Department" (*id.* ¶ 21) and her vehicle was towed. *Id.* ¶ 23. After Dorn brought plaintiff to "the Police Department, it was revealed that there was no warrant for Plaintiff's arrest." *Id.* ¶ 21. Nonetheless, plaintiff was "forced to spend the night at the Police Department." *Id.* ¶ 22. "All charges against Plaintiff were subsequently dismissed." *Id.* ¶ 24.

Plaintiff contends that she "was racially profiled by Defendant Dorn", and that "none of the individually named Defendant Officers observed Plaintiff commit any violent felony or crime." *Id.* ¶¶ 14, 27. Further, Boyce asserts that defendants lacked a reason to "deny [her] medical care or to arrest her", and lacked "probable cause to detain" her. *Id.* ¶ 32. Boyce also claims that her vehicle was unlawfully towed (*id.* ¶ 23), and that "the individually named Defendant Officers ignored [her] clear physical distress and denied her relief[.]" *Id.* ¶ 26.

Although Boyce refers frequently to the Defendant Officers, the facts asserted seem to pertain only to Dorn. But, she alleges that the Defendant Supervisors failed to train, supervise,

or discipline officers of the Baltimore City Police Department, despite receipt of complaint about the conduct of officers in the police department. *Id.* ¶¶ 83, 85.

Additional facts are included in the Discussion.

## II. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss, under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting

the claim asserted." *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards,* 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.'"* *Goodman,* 494 F.3d at 464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman* ).

Under Fed. R. Civ. P. 8(c)(1), the statute of limitations constitutes an affirmative defense to an action. "The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Thus, "[a] district court may dismiss a [§ 1983] claim as time barred under Rule 12(b)(6) . . . when the untimeliness of the claim is plain from the face of the complaint." *Bailey-El v. Hous. Auth. of Balt. City*, 686 F. App'x 228, 229 (4th Cir. 2017) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006), and *Dean*, 395 F.3d at 474).

### III.  Discussion

Defendant argues that Boyce's suit is time-barred, pursuant to the applicable statute of

limitations. *See* ECF 6-1 at 2-3. In her Opposition, Boyce argues that she is entitled to "equitable tolling" of the limitations period. *See* ECF 7-1 at 4-6.

Section 1983 does not contain a statute of limitations. Thus, to determine whether a § 1983 claim was timely filed, courts look to the statute of limitations from the most analogous state-law cause of action. *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .").

A suit filed pursuant to 42 U.S.C. § 1983 constitutes a personal injury action. *Owens v. Okure,* 488 U.S. 235, 249-50 (1989). Therefore, Maryland law affords a three-year limitations period. *See* Md. Code (2013 Repl. Vol., 2017 Supp.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."); *Owens*, 767 F.3d at 388. Under C.J. § 5-101, "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Because each claim lodged by Boyce is made pursuant to 42 U.S.C. § 1983 (*see* ECF 5), each claim is "subject to a three-year statute of limitations." *Bailey-El,* 686 F. App'x at 229; *see Owens*, 767 F.3d at 388; C.J. § 5-101.

Boyce does not dispute that the three-year statute of limitations applies. Rather, she requests equitable tolling of the limitations period. *See* ECF 7-1 at 4-7.

In certain circumstances, a limitations period may be extended pursuant to the doctrine of

equitable tolling. *See United States v. Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1630 (2015) ("[T]ime bars in suits between *private* parties are presumptively subject to equitable tolling") (emphasis in *Wong*); *Cruz v. Maypa*, 773 F. 3d 138, 146-47 (4th Cir. 2014). Equitable tolling "is appropriate in two circumstances: first, when 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Cruz*, 773 F.3d at 146-47 (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000)); *see Lozano v. Montoya Alvarez*, 572 U.S. 1, ___, 134 S. Ct. 1224, 1231-32 (2014).

But, "[e]quitable tolling is a rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [her] legal rights.'" *Cruz*, 773 F. 3d at 147 (quoting *Chao v. Va. Dep't of Transp.,* 291 F.3d 276, 283 (4th Cir. 2002)); *see Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Lucas v. United States*, 664 F. App'x 333, 335 (4th Cir. 2016) ("Equitable tolling is an extraordinary remedy limited to those occasions when 'it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting *Harris,* 209 F.3d at 330). Moreover, "principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee,* 339 F.3d 238, 247 (4th Cir. 2003) (en banc); *see Irwin,* 498 U.S. at 96 (concluding that equitable tolling does not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed suit within 30 days of the date he personally received notice).

An action typically accrues at the time of the wrong, unless a judicial or legislative exception provides otherwise. *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011). But, there are circumstances when a claim does not accrue until the

plaintiff has (or should have) "possession of the critical facts that [she] has been hurt and who has inflicted the injury." *United States v. Kubrick,* 444 U.S. 111, 122 (1979) (discussing the discovery rule in the context of the Federal Tort Claims Act, which contains a statute of limitations requiring notice to the government within two years after such claim accrues). Plaintiff points out that federal law, not state law, governs the accrual analysis. ECF 7-1 at 4. Yet, she cites a host of Maryland cases discussing accrual. *Id.* at 5. Regardless, the outcome is the same.

"Recognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," Maryland has adopted the so-called discovery rule to determine the date of accrual. *See Bank of N.Y. v. Sheff*, 382 Md. 235, 244, 854 A.2d 1269, 1275 (2004); *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000). "The discovery rule acts to balance principles of fairness and judicial economy in those situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.,* 358 Md. 435, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Notice may be actual or constructive. *Poffenberger v. Risser*, 290 Md. 631, 636-38, 431 A.2d 677, 680-81 (1981). Thus, "[t]his standard . . . does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc.*, 383 Md. at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano,* 374 Md. 339, 351, 822 A.2d

1212, 1219 (2003); *Doe v. Archdiocese of Wash.,* 114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)). A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . a diligent investigation would have revealed that the plaintiff[] [was a] victim[] of . . . the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d 1095 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original).

Ordinarily, "'the question of accrual in [C.J.] § 5-101 is left to judicial determination,' unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole*, 423 Md. at 131, 31 A.3d at 236 (citation omitted); *see Sheff*, 382 Md. at 244, 854 A.2d at 1275 (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Rd. Ltd. P'ship*, 360 Md. at 95, 756 A.2d at 973 (explaining that the determination of accrual "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

Plaintiff presents a fine summary of the law of claim accrual, the discovery rule, and equitable tolling. But, she fails to provide any factual basis for the application of the discovery rule or equitable tolling to this case. Indeed, it is patently obvious that, as of the date of the alleged incident on December 7, 2013, plaintiff had all the notice she needed.

On the face of the Amended Complaint (ECF 5), Boyce avers that the central events occurred on December 7, 2013, when she "was driving her vehicle" and "Dorn stopped her for no legal reason." *Id.* ¶ 11. On that same date, Dorn allegedly twisted plaintiff's arm behind her back, handcuffed her, illegally towed her vehicle, and incorrectly told plaintiff that her license

had been suspended and that she had a warrant for her arrest. *Id.* ¶¶ 15-18, 23. According to Boyce, Dorn also threatened her, "telling her that if she resisted him, she would be 'eating concrete.'" *Id.* ¶ 20. Moreover, Boyce was "forced to spend the night at the Police Department" during the night of December 7-8, 2013. *Id.* ¶ 22. Yet, for no apparent reason, she did not file suit until almost four years later, on November 22, 2017.

Plaintiff contends that she is "entitled to limited discovery to more clearly determine when Plaintiff discovered, or should have discovered, that Defendant violated her constitutional rights." ECF 7-1 at 3. She is grasping at straws. She was well aware of the alleged wrongful conduct as of December 7, 2013. Boyce offers no reason as to why she did not file suit until almost four years after the alleged wrongful conduct.

Boyce does not claim that defendants prevented her from filing suit or that extraordinary circumstances beyond her control hindered her from knowing that she had been wronged. Indeed, she fails to explain why the events pertaining to her arrest on December 7, 2013, failed to provide notice as to her claims. She does not allege that any outside factors prevented her from filing suit. There is no indication that a gross injustice would occur if the period of limitations was enforced. Put another way, plaintiff provides no factual or legal basis for equitable tolling.

## IV. Conclusion

In my view, Boyce has failed to establish any ground for equitable tolling of the limitations period. On the face of the Complaint, suit is plainly barred by limitations. Accordingly, the suit is subject to dismissal. *See* C.J. § 5-101; *see also Owens*, 767 F.3d at 388.

For the foregoing reasons, I shall grant the Motion (ECF 6). An Order follows.

Date: August 9, 2018 /s/
Ellen Lipton Hollander
United States District Judge